UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATSHA RAMSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ST. CHARLES COUNTY, | ) |
| Serve: | ) No. 4:15-cv-00776 |
| Steve Ehlmann | ) |
| County Executive | ) |
| 100 North Third Street | ) |
| Suite 318 | ) JURY TRIAL DEMANDED |
| St. Charles, MO 63301 | ) |
| | ) |
| ST. CHARLES COUNTY SHERIFF'S | ) |
| DEPARTMENT, | ) |
| Serve: | ) |
| Tom Neer | ) |
| 101 Sheriff Dierker Court | ) |
| O'Fallon, MO 63366 | ) |
| | ) |
| ST. CHARLES COUNTY JAIL, | ) |
| Serve: | ) |
| Larry Crawford | ) |
| 301 North 2nd Street | ) |
| St. Charles, MO 63301 | ) |
| | ) |
| LARRY CRAWFORD, Individually | ) |
| And as Director of St. Charles County | ) |
| Jail | ) |
| Serve: | ) |
| Larry Crawford | ) |
| 301 North 2nd Street | ) |
| St. Charles, MO 63301 | ) |
| | ) |
| Defendants. | ) |

**<u>FIRST AMENDED COMPLAINT</u>**

1

COMES NOW Plaintiff, Patsha Ramsey (hereinafter "Ramsey"), by and through her attorneys, Devereaux, Stokes, Nolan, Fernandez & Leonard, P.C., and for her cause of action against the above-captioned Defendants, hereby states as follows:

**INTRODUCTION**

1. This is a civil action seeking monetary damages against the Defendants St. Charles County, the St. Charles County Sheriff's Department, the St. Charles County Jail and Larry Crawford, for committing acts, under the color of law, which deprived the Plaintiff of her rights as set out in the United States and Missouri Constitutions, and for refusing or neglecting to prevent such deprivations and denials to Plaintiff.  Plaintiff alleges that the Defendants in this case deprived her of needed medical care and physically and mentally abused and battered her to such an extent that it was tantamount to torture and cruel and unusual punishment in violation of her Constitutional rights.  Plaintiff further alleges that the Defendants are liable to Plaintiff for damages because they performed inadequate background checks on correctional officers, failed to adequately screen them prior to hire, failed to train and instruct these correctional officers, and failed to adequately supervise, control and discipline these correctional officers and that said failures were a result of official policy, or the customs and practices of the Defendants, so as to compromise a tacit approval or adoption of such practices, and that the policy makers for the Defendants were deliberately indifferent to the rights of the citizens of St. Charles County, and that said conduct caused the Plaintiff to be deprived of her rights as guaranteed under the United States Constitution and and the laws of the United States and the State of Missouri.

## PARTIES

2. Plaintiff, Patsha Ramsey, is an individual living in the City of St. Louis, State of Missouri.

3. Defendant, St. Charles County (hereinafter "St. Charles"), is a municipal corporation duly organized and existing under Missouri Statutes. Defendant St. Charles County is being sued in its official capacity.

4. Defendant, St. Charles County Sheriff's Department (hereinafter referred to as "Sheriff's Department"), is an organization authorized by Missouri Statutes and County Ordinances to operate and staff a detention facility in St. Charles County commonly referred to as the "St. Charles County Jail". At the time of the occurrences outlined in this Complaint, the Defendant St. Charles County Sheriff's Department was charged with setting policies and guidelines, and oversight of all St. Charles County Jail employees. Defendant St. Charles County Sheriff's Department is being sued in its official capacity.

5. The St. Charles County Jail (hereinafter "the Jail") is a detention facility duly existing under authorization of Missouri Statutes and County Ordinances which has been established, staffed and operated by the Defendant, St. Charles County, acting through its administrative body, the St. Charles County Sheriff's Department. Defendant St. Charles County Jail is being sued in its official capacity.

6. Larry Crawford is an individual who, at the time of the incident described in this Complaint was the Director of the St. Charles County Jail and the individual responsible for setting the policies and procedures of the Jail, as well as overseeing the

3

hiring, training and disciplining of Jail staff.  Defendant Larry Crawford is being sued in both his official and individual capacity.

## JURISDICTION AND VENUE

7.  This action is a civil rights case brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985 as well as a negligence case brought under Missouri law.

8.  This Court has jurisdiction of this action pursuant 28 U.S.C. § 1331 and §1343.

9.  Venue is proper under 28 U.S.C. § 1391(b) in that all parties to this action reside in the Federal Judicial District of the Eastern District of Missouri and the events giving rise to the claims asserted herein occurred within the district.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

10. At all times mentioned herein, the employees of the St. Charles County Jail, including all correctional officers, as well as Larry Crawford and others, charged with setting the policies and guidelines of the St. Charles County Jail, were employees or agents of the St. Charles County Sheriff's Department or St. Charles County.  At all times mentioned herein, these employees and agents of the Defendants, St. Charles County, St. Charles County Jail and St. Charles County Sheriff's Department, were acting within the course and scope of their employment and for the benefit of their employer.

11. The Plaintiff is a female, who at the time of the occurrences outlined in this Petition, was eighteen years of age.  Due to her abandonment as a child, as well as being the victim of physical and sexual abuse as a child, she was placed in foster care

and had been in and out of various foster homes until the age of eighteen when she was no longer eligible to receive the benefits and services of the Missouri foster care program.

12. The Plaintiff has a well documented and established history of mental health problems, which include depression, anxiety disorder, bipolar disorder, impulse control disorder, and post-traumatic stress disorder.  The Plaintiff has been medically diagnosed as suffering from various mental illnesses since the age of thirteen.

13. On December 19, 2012, the Plaintiff was living in a shelter.  Due to mental health problems, she checked herself voluntarily into CenterPointe Hospital, a medical facility exclusively dedicated to the treatment of mental health disorders, in St. Charles, Missouri.  While a patient at CenterPointe Hospital, and being treated for her various mental health issues, she was involved in an altercation with a nurse in which she became violent and had to be sedated by the hospital staff.  She was placed in an acute unit at the hospital and within a few days transferred to the St. Charles County Jail by various St. Charles County Sheriff's deputies who arrested her at the hospital and informed her she was being charged with felonious assault on the nurse.

14. The Plaintiff was transferred from the St. Charles County Jail to St. Francis County for outstanding warrants and on January 16, 2013, was moved back to the St. Charles County Jail where she was housed in the general prison population after being charged with felony assault based on the incident at CenterPointe Hospital.

15. The Defendants were aware of Ms. Ramsey's mental health issues and

had, in fact, picked her up and made the arrest at CenterPointe Hospital, a known mental health treatment facility.

16. Soon after her incarceration at the St. Charles County Jail, the Plaintiff attempted to commit suicide.

17. Plaintiff was placed into a higher security area, Pod B, at the Jail and placed on suicide watch.  After approximately ten days in Pod B, she was moved back into the general prison population.  After numerous altercations with other inmates, Ms. Ramsey was moved back to Pod B for heightened observation.

18. While a prisoner in Pod B, Plaintiff did not receive any medical treatment or medication for her known and established mental health conditions, which were the very cause of the charges for which she was being detained.

19. Plaintiff had verbal confrontations with various correctional officers which resulted in her being placed in isolation and 24 hour lockdown.

20. While incarcerated, Plaintiff reported various violations by correctional officers, including a male and female correctional officer engaged in sexual activity while on duty in the St. Charles County Jail.  Upon making her complaints known to the offending correctional officers, the Plaintiff was sprayed with pepper spray in her face and physically assaulted by various correction officers.  The correctional officers at the St. Charles County Jail targeted the Plaintiff as a "problem inmate" and would use this as a pretextual reason to inflict abusive and cruel punishment upon her.  These punishments included unnecessarily keeping her in isolation and 24 hour lockdown for extended periods of time; taking away her clothes and humiliating her by forcing her to

be in her cell naked without as much as a paper gown; denying her food as a punishment for bad behavior; physically assaulting her including the unnecessary use of pepper spray and, after use of pepper spray, not allowing her to wash herself and thereby allowing the chemicals to continue to burn her for hours.  In addition, the employees of the St. Charles County Sheriff's Department would handcuff the Plaintiff to a table for extended periods of time wearing nothing but a loose smock covering her otherwise naked body.  During this period of time, she would often be subjected to humiliation, degradation and physical assaults from correctional officers and other inmates.  At one point, Plaintiff was handcuffed to a table wearing nothing but a "suicide smock" 24 hours a day for a full week period, being uncuffed only to be allowed to occasionally use the bathroom.

21. On multiple occasions, various correctional officers would punish the Plaintiff by handcuffing and tying her to a "restraint chair" for prolonged periods of time where they would physically and verbally abuse her and refuse to feed her.  On several occasions, she was tied to the restraint chair completely naked and the correctional officers would subject her to further humiliation, degradation, verbal and physical abuse.  On at least one occasion, a correctional officer made comments to the Plaintiff while she was strapped naked to the restrain chair that she had "little girl vagina".

22. On another occasion, a different correctional officer threatened to deny her food unless she would insert her finger into her vagina and allow him to watch.

23. The Jail issued a written memorandum and order from the highest levels of the St. Charles County Jail staff approving, and in fact mandating, the chaining of Plaintiff to a table in order to assimilate her into the general prison population.

24. The actions of Defendant, as outlined above, were the direct and proximate cause of serious physical, emotional and mental trauma to Plaintiff which has resulted in a degradation of her condition, and ongoing and permanent physical and mental trauma.

25. Upon information and belief the Defendants have purchased one or more liability insurance policies which provide liability insurance coverage for the actions of the Defendants as set forth herein and, pursuant to R.S.Mo. §537.610, waives the applicability of Missouri's sovereign immunity and official immunity protection.

## COUNT I

### (Negligence)

COMES NOW Plaintiff, Patsha Ramsey, and for her cause of action against the Defendants, St. Charles County, St. Charles County Sheriff's Department, St. Charles County Jail and Larry Crawford, hereby states as follows:

26. Plaintiff incorporates by reference herein paragraphs one through twenty-five of this Petition as if fully set forth herein.

27. The Defendants had custody and control over the person of Patsha Ramsey from January 16, 2013, through September of 2013 when she was housed in the St. Charles County Jail as an inmate.

28. During this period of time, the Defendants owed a duty to Plaintiff, as it did to all inmates housed at the St. Charles County Jail, to detain her in a manner to keep her safe from all harm from herself, as well as others, and to provide a safe

environment for detention where Plaintiff could be housed without the threat or actual harm of physical, mental or emotional abuse.

29. The Defendants, acting through their employees and agents, breached that duty and were otherwise negligent in the following manner:

a) The Defendants failed to properly screen and assess the mental health condition of Plaintiff so as to identify any medical, mental or emotional health issues that may have indicated she required a heightened level of security or transfer to a medical facility that could provide appropriate medical and mental healthcare treatment;

b) The Defendants failed to properly screen and assess the risk that Plaintiff would pose a threat of harm to herself or others due to her medical and mental health condition;

c) The Defendants knew, or should have known, that Plaintiff was suffering from mental health problems, including but not limited to, post-traumatic stress disorder, depression, bipolar disorder, impulse control disorder, anxiety disorder and, as such, had a tendency to react violently when confronted or faced with physical or verbal abuse, subjected her to treatment and abuse that worsened her condition, and failed to appropriately treat her condition or refer her to an outside facility that could have provided appropriate treatment;

d) The Defendants failed to administer Plaintiff's medications to her after picking her up from a mental health institution where she was being housed for the very medical issues that caused her further problems while detained at the St. Charles County Jail;

e) The Defendants failed to adopt and implement appropriate policies, procedures and guidelines regarding the assessment and detention of prisoners who suffer from medical or mental health conditions which would cause them to present a risk of harm to themselves or others;

f) The Defendants failed to train or educate their staff and correctional officers with respect to how to safely and appropriately treat inmates who suffer from medical or mental health conditions which would cause them to present a risk of harm to themselves or others;

g) The Defendants failed to appropriately screen, hire, train, supervise and discipline its correctional officers and other employees which resulted in the employment of various correctional officers who were not qualified to take care of prisoners with mental health conditions, such as those displayed by Plaintiff, and who had a propensity and proclivity to violence and abusive behavior of the type to which Plaintiff was subjected;

h) As a matter of policy and practice, the Defendants undertook inadequate and defective internal affairs investigations into the actions of its correctional officers and other jail employees, such that the employees and staff of the Jail were encouraged to believe that their actions would not be subjected to scrutiny, which in turn encouraged a pattern of future abuses such as those that befell Plaintiff;

i) As a matter of both policy and practice, the Defendants showed deliberate indifference and blatant disregard for the health, safety and welfare of its inmates by encouraging the very type of misconduct at issue in the present

case by failing to adequately train, supervise, discipline and control its officers, as well as hiring and retaining officers without adequate background checks and deliberate indifference to the fact that such individuals were not qualified to be correctional officers due to their lack of experience and training in handling inmates with medical and mental health issues such as Plaintiff's, or who had violent or reckless tendencies;

j) As a matter of both policy and practice, the Defendants failed to adequately punish and discipline prior instances of similar misconduct, thereby leading St. Charles County correctional officers and jail personnel to believe that their actions would never be scrutinized or that they would not be held accountable for their actions, and in that way essentially encourage future abuses such as those which befell Plaintiff;

k) The St. Charles County policy makers and employees of St. Charles County are aware of, condone and facilitate the types of behaviors that befell Plaintiff by showing a deliberate indifference or reckless disregard for the actions of its employees, and by their inaction have adopted a "code of silence" within the St. Charles County Jail by which employees fail to report misconduct committed by other correctional officers and employees;

l) Generally, as a matter of widespread practice so as to compromise a defacto County policy, correctional officers at the St. Charles County Jail abuse the inmates in a manner similar to that alleged by Plaintiff on an ongoing and frequent basis, yet Defendants make findings of wrongdoing in a disproportionally small number of cases; and

m) Defendants have failed to act to remedy the patterns of abuse on inmates described in this Petition, despite actual or constructive knowledge of the same, thereby causing the type of injuries alleged herein.

30. The Defendants' breach of duty as outlined above were the direct and proximate cause of serious physical, emotional and mental trauma to Plaintiff which have resulted in a degradation of her condition, and ongoing and permanent trauma.

31. Furthermore, Defendants' actions were willful, wanton and carried out in reckless disregard to the health, safety and welfare of the Plaintiff and other inmates warranting the imposition of punitive damages.

WHEREFORE, for Count I of this Complaint directed to the Defendants, the Plaintiff prays for damages in a fair and reasonable sum in excess of $5,000,000.00, for exemplary or punitive damages, and for such other and further relief this Court deems just and proper.

## COUNT II
### (42 U.S.C. § 1983 Excessive Force – Cruel & Unusual Punishment)

COMES NOW Plaintiff, Patsha Ramsey, and for Count II of her cause of action against the Defendants, St. Charles County, St. Charles County Sheriff's Department, the St. Charles County Jail and Larry Crawford, hereby states as follows:

32. Plaintiffs hereby incorporate by reference, as if fully set forth herein, paragraphs one through twenty-five of this Complaint.

33. The Defendants had custody and control over the person of Patsha

Ramsey from January 16, 2013, through September of 2013 when she was housed in the St. Charles County Jail as such were responsible for her safe keeping and welfare.

34.  The Defendants, acting through their employees and agents, inflicted various acts of physical battery as well as mental abuse upon Patsha Ramsey while she was being held in their custody.

35.  These acts of abuse included: the use of excessive force in her detention, including unwarranted and unlawful physical attacks upon her person; the use of unnecessary and unlawful restraints, including having her handcuffed and tied to a table in the general prison population as well as leaving her tied in a restraint chair for prolonged periods of time while correctional officers physically and verbally abused her; the denial of basic physical needs such as food, water, clothing and access to a bathroom; the unnecessary use of pepper mace upon her person; the denial of medical care; as well as other acts of physical and mental violence and abuse as more fully described in this complaint.

36. The acts of unreasonable and excessive force to which the Plaintiff was subjected were carried out by employees or agents of the Defendants acting under the color of law and within the scope and course of their employment for the Defendants. They were also carried out without provocation or just cause and were unreasonable, excessive, wholly unnecessary and absolutely unjustified and carried out with willful indifference to the constitutional rights of Patsha Ramsey.

37.  As a direct and proximate result of the use of excessive force by the Defendants the Plaintiff suffered serious and debilitating physical and mental injuries and was deprived of her Constitutional rights to be free from intrusions upon her person,

and cruel and unusual punishment as guaranteed by the United States and Missouri Constitutions.

38. Furthermore, The misconduct described in this count was undertaken pursuant to the policy and practices of the Defendants in that:

- a) as a matter of both policy and practice, St. Charles County, the St. Charles County Sherriff's Department, the St. Charles County Jail and Larry Crawford, undertake inadequate and defective internal affairs investigations, such that correctional officers at the St. Charles County Jail are encouraged to believe that their actions will not be subject to scrutiny which, in turn, encourages a pattern of future abuses such as those that affected Patsha Ramsey;

- b) as a matter of both policy and practice, St. Charles County, the St. Charles County Sherriff's Department, the St. Charles County Jail and Larry Crawford encourage the very type of misconduct at issue here by failing to adequately train, supervise and control its correctional officers, as well as hiring and retaining correctional officers without adequate background checks and with deliberate indifference to the fact that such individuals are not qualified to be correctional officers due to lack of experience and training, or violent and reckless tendencies;

- c) as a matter of both policy and practice, St. Charles County, the St. Charles County Sherriff's Department, the St. Charles County Jail and Larry Crawford facilitated the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct,

       thereby leading correctional officers to believe that their actions would never be scrutinized or that they would not be held accountable for their actions, and in that way, essentially encouraged future abuses such as those which befell Patsha Ramsey;

d)   St. Charles County, the St. Charles County Sherriff's Department and the St. Charles County Jail policy makers and employees of the Sheriff's department, are aware of and condone and facilitate by their inaction a "code of silence" within the St. Charles County Jail and Sheriff's Department by which correctional officers and other employees fail to report misconduct committed by other employees such as the misconduct at issue in this case;

e)   as a matter of both policy and practice, St. Charles County, the St. Charles County Sherriff's Department, the St. Charles County Jail and Larry Crawford undertake defective and inadequate investigations, thereby contributing to a perception on the part of St. Charles County correctional officers that they will not be held accountable for their actions.

f)   Generally, as a matter of widespread practice so as to compromise Municipal and County policy, correctional officers of the St. Charles County Jail and Sheriff's Department abuse citizens in a manner similar to that alleged by Plaintiff in this count on a frequent basis, yet St. Charles County, the St. Charles County Sherriff's Department, the St. Charles County Jail and Larry Crawford make findings of wrongdoing in a disproportionately small number of cases;

g) as a matter of both policy and practice, St. Charles County, the St. Charles County Sherriff's Department, the St. Charles County Jail and Larry Crawford have failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual or constructive knowledge of the same, thereby causing the type of injuries alleged herein.

39. The Defendants' actions as outlined above were the direct and proximate cause of serious physical, emotional and mental trauma to Plaintiff which have resulted in a degradation of her condition, and ongoing and permanent trauma.

40. Furthermore, Defendants' actions were willful, wanton and carried out in reckless disregard to the health, safety and welfare of the Plaintiff and other inmates warranting the imposition of punitive damages.

WHEREFORE, for Count II of this Complaint directed to the Defendants, the Plaintiff prays for damages in a fair and reasonable sum in excess of $5,000,000.00, for exemplary or punitive damages, and for such other and further relief this Court deems just and proper.

## COUNT III
(42 U.S.C. § 1983 – Deprivation of Necessary Medical Care)

COMES NOW Plaintiff, Patsha Ramsey, and for Count III of her cause of action against the Defendants, St. Charles County, St. Charles County Sheriff's Department, the St. Charles County Jail and Larry Crawford, hereby states as follows:

41. Plaintiff incorporates by reference herein paragraphs one through twenty-five of this Complaint as if fully set forth herein.

42. Defendant, St. Charles County, is the governmental entity charged with staffing, operating and setting policies and procedures for the inmate detention facility located in St. Charles County, referred to as the St. Louis County Jail.

43. The Plaintiff suffered from various medical issues including established diagnosis for post-traumatic stress disorder, depression and bi-polar disorder, impulse control disorder and anxiety disorder.

44. The Defendant, St. Charles County, knew, or should have known, of the Plaintiff's medical condition and mental health issues.  One of the manifestations of Plaintiff's various mental health issues is impulse control and a tendency to act out violently, particularly when she feels abused or confronted with the threat of apparent violence or harm.  During her detention at the St. Charles County Jail, the Plaintiff was entitled to her constitutionally protected rights to be free from cruel and unusual punishment, which includes the right to receive appropriate medical treatment.  The Defendant, St. Charles County, not only failed to provide appropriate medical treatment to Plaintiff for her known mental health condition, but detained her under conditions that would exacerbate that condition, causing further harm to herself and others.  Furthermore, the Plaintiff engaged in various acts of physical and mental abuse that were tantamount to torture and caused Plaintiff to suffer great pain of body, mind, humiliation, degradation and a worsening of her medical condition.  All of the Defendant, St. Charles County's actions were done through its employees and agents who were acting within the course and scope of their employment and for the benefit of their employer, St. Charles County, at the time of the occurrences outlined in this Petition.

45. The Plaintiff's mental health condition was a serious medical condition

that was ignored by the Defendant, St. Charles County, who showed a deliberate indifference and disregard for Plaintiff's condition by failing to provide treatment or refer her to an outside facility that could provide the treatment needed, resulting in damages as outlined above.  Furthermore, Defendant's actions were willful, wanton and carried out in reckless disregard to the health, safety and welfare of Plaintiff and other inmates warranting the imposition of punitive damages.

WHEREFORE, for Count III of this Complaint directed to the Defendants, the Plaintiff prays for damages in a fair and reasonable sum in excess of $5,000,000.00, for exemplary or punitive damages, and for such other and further relief this Court deems just and proper.

DEVEREAUX, STOKES, NOLAN,
FERNANDEZ & LEONARD, P.C.

/s/ Gonzalo Fernandez

_____
GONZALO FERNANDEZ, #62043
Attorney for Plaintiff
133 South 11th Street
Suite 350
St. Louis, MO  63102
(314) 621-3743
Fax:  314) 621-5705